**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4733**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CARROLL WALL, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-8)

---

Submitted: June 15, 2005          Decided: July 14, 2005

---

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Robert L. McClellan, J. Marshall Shelton, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In April 2004, John Carroll Wall, Jr., was found guilty by a jury of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000), armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and the carrying and use of firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). The first count of the indictment merged with the second, for which the district court sentenced Wall to 108 months' imprisonment. The third count carried a mandatory minimum sentence of 84 months' imprisonment under 18 U.S.C. § 924(c)(1)(A)(ii) (2000).

On appeal, Wall first contends that the district court improperly issued a jury instruction concerning aiding and abetting, thereby misleading the jury. The decision to give or not to give a jury instruction, as well as the content of the instruction, is reviewed for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). Here, strong circumstantial evidence linked Wall with the bank robbery; however, because the two robbers' faces were concealed, witnesses at the scene could not positively identify Wall. Furthermore, of the two robbers, one was a more active participant. The district court, concerned that the question of which robber "actually [took the money] and put it in the bag himself" might confuse the jury, deemed the aiding and abetting instruction appropriate.

- 2 -

"[W]hen a case is submitted to a jury on two adequate legal theories and the jury returns a general verdict of guilty, affirmance is appropriate so long as the evidence is sufficient to support a conviction on either theory." United States v. Seidman, 156 F.3d 542, 551 (4th Cir. 1998). Moreover, when evidence presented at trial supports an aiding and abetting theory, the court may, if it deems such an instruction to be appropriate, instruct on that theory even though it was not argued by the Government. United States v. Horton, 921 F.2d 540, 544 (4th Cir. 1990). Accordingly, we conclude that the district court did not abuse its discretion by issuing the aiding and abetting instruction.

Wall also appeals his sentence on the second count of the indictment, for which he received 108 months' imprisonment. The sentence includes the district court's enhancement, under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2003), on the ground that Wall was the organizer or leader of a criminal activity that involved fewer than five participants.[1] In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal Sentencing Guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment

---

[1]The sentence pertaining to the second count contains two other enhancements that Wall does not challenge on appeal.

because of its mandatory nature.  <u>Id.</u> at 746 (Stevens, J., opinion of the Court).

At the sentencing hearing, the district court entered into the record an objection for Wall on the basis of <u>Booker</u>'s precursor, <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2537 (2004) (holding that maximum sentence court can impose must be based solely on facts "reflected in the jury verdict or admitted by the defendant").  The Government concedes that the district court's error[2] in including this enhancement was not harmless.  <u>See</u> Fed. R. Crim. P. 52(a).

Accordingly, we affirm Wall's convictions, vacate his sentence on the second count, and remand his case to the district court for resentencing consistent with <u>Booker</u>.[3]

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

[2]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Wall's sentencing.

[3] Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u> The sentence must be "within the statutorily prescribed ranged and . . . reasonable."  <u>Id.</u> at 546-47.